COLE
vs.
WILSON.

Case 30.

## Cole *vs.* Wilson.

ORD. PET.

APPEAL FROM CRITTENDEN CIRCUIT.

1. Under the Revised Statutes, as well as the Code of Practice, either party in a civil action is authorized to call upon the other party to testify on the trial; but in such case the party called on to testify is not deprived of the same privilege that belongs to other witnesses. He is not bound to answer any question which would subject him to a criminal or penal liability. And the rule that a witness is not bound to answer any question which would tend to subject him to a punishment or presentment, applies even to parties in suits in equity, where the party is not bound in his answer to make a disclosure which would have that tendency. (*Code of Prac. sec.* 143; *Story's Eq. Plead. secs*. 524, 576, 592; *Mitford's Eq. Plead.* 157, 163.)

2. The defendant in a civil action for the publication of a libel, when called as a witness for the plaintiff, is not bound to answer the question whether or not he had published the alledged libelous matter. And though he may have answered questions tending to show that he had published the libel, he had the right to refuse further to answer questions having the like tendency. (*Greenleaf's Evidence*, 1 *vol. sec.* 451.)

3. It is competent for a defendant in a civil action, for the publication of a writing charged to be libelous, to insist that the publication was not in the malicious sense charged, but in an innocent sense, under circumstances which warranted their publication.

4. A confidential communication seeking information, which the party had a right to have, would not be libelous; but if it be accompanied by comments of a slanderous nature, not necessary to the attainment of the object desired, it would be libelous.

[The facts are stated in the opinion of the court. REP.]

*John M. Harlan* for appellant—

The judgment in this case should be reversed on the following grounds:

1. The court erred in refusing to compel the defendant, when called on to testify for the plaintiff, to answer the following question: "By the expression *"one of them"* used in the letter, did you not refer to and mean the plaintiff?" The Civil Code authorizes a party in a suit to call on his adversary to testify in his behalf in the same manner as a witness. (*Civil Code, sections* 167 *to* 172, *section* 673, 670, *sub-section* 6.) The supreme court of Ohio has ruled that such evidence was admissible. (17 *Ohio Reports*, 475.)

2. The circuit court erred in refusing the following instruction, viz: "If the jury believe, from the evidence, that the defendant, F. W. Wilson, wrote and sent the letter read in evidence, and that said letter was written of and concerning the plaintiff they ought to find for the plaintiff." The court refused this instruction as asked, but added the following qualification, viz: "Unless they believe, from the evidence, it was written in a confidential and prudent manner, for the purpose of obtaining necessary information, and without malice."

The objection to the qualification made by the court is that it virtually refers to the jury the question whether the matter of the letter was or not libelous, when that question was to be determined from the language itself, as matter of law, wherever the language is plain and unambigous. Where there is ambiguity in the words, the construction is for the jury. (*Snyder vs. Andrews, Barbour Sup. C. R.* 43.) *McKee vs. Ingolls*, 4 *Scau.* 30, where it is said "the law presumes malice from actionable words." So in *Fry vs. Bennet*, 5 *Sanf.* 54, *and Matthew vs. Beech, Ib.* 256, where it is said "a malicious intent will be inferred when a publication is libelous

on its face;" malice in such cases is a conclusion of law. (*Hart vs Reed*, 1 *B. Monroe*, 166.) In this last cited case the court said, "in deciding on the face of ' the letter alone therefore, we are of the opinion that ' it does not, *in itself*, import libelous matter, and ' consequently this action cannot be maintained for ' a libel without proof of some extraneous fact," &c.

We rely that the words here are plain and unambiguous, and there is only one fact that it is necessary to prove to maintain this action, which is that they were intended to apply to the plaintiff.

"Words which tend to degrade or disgrace, or ren- ' der odious or ridiculous, the person of whom they ' are written, are libelous and actionable." (*Magee vs. Wilson, Lit. Sel. Ca.* 188; *Shelton vs. Vance,* 7 *B. Monroe*, 129.)

An action will lie for publishing these words of an attorney: "He has deceived his client, and violated ' the secrets of his cause," or, "He will give you vex- ' atious counsel, and then milk your purse and fill ' his own pockets;" or "He will overthrow his clients ' cause;" or, "He is well known to be a corrupt man, ' and to deal corruptly;" or, "He is a cheat;" or, "He ' is a rogue;" or, "He is a knave." (*Bacon Ab. vol.* 9, *Title Slander, page* 50, 51, *Am. Ed. by Bouvier*.)

The defendant admitted that he wrote the letter to be sent to the person to whom it was directed, and supposes he mailed it, though he did not distinctly recollect that fact. That it reached its destination was a fact not necessary to be proved absolutely, by the person to whom it was addressed, (*Callan vs. Gaylord*, 3 *Watts*, 321;) that fact may be inferred. The matter was libelous so soon as it passed from the hands of the writer.

*S. Marble*, for appellee—

1. The matter of the letter cannot be regarded as libelous, unless there was a clear and distinct application of it to the plaintiff. If the application existed only in the mind of the writer the appellant re-

ceived no injury, and any other person might, with the same propriety, maintain an action.

2. The court properly refused the instruction asked without the modification. It was predicated upon the erroneous idea that the words used in the letter might be libelous and actionable, without the existence of malice, which is essential to the maintenance of the action. (1 *B. Monroe*, 168.)

3. There is no proof that ever the letter was received by the person to whom it was addressed. There is no proof or circumstance in the case to show that the words which are charged to be reproachful have or were intended to have any application to the appellant. No witness proved that the appellee ever uttered a word of reproach or disrespect towards the appellant. If the letter was written and sent by appellee, it contained an inquiry which it was lawful to make, and which he had a right to make.

The jury returned a verdict for the defendant, thereby deciding that if the appellee did write and send the letter, he had no malicious purpose in so doing, and it is insisted that the instruction of the court, as given was right, and that there is no ground for reversal.

Judge SIMPSON, delivered the opinion of the court.                    June 30, 1857

The appellant brought this action against the appellee for a libel. He alleged the defendant had maliciously wrote and published of and concerning the plaintiff in his character, and profession of attorney at law, these false and libellous words, viz:

"He has employed an attorney here that is one of 'them. Even if he should succeed he would never 'see one dime of the proceeds; he has already made 'use of one of his horses to pay his debts with. I 'have no idea that he ever bought him from Lewis."

Thereby meaning, as alleged by the plaintiff, that he was dishonest in his profession of attorney, and that he had been guilty of a breach of trust by appropriating his clients property to his own use.

COLE
vs.
WILSON.

On the trial the plaintiff made a witness of the defendant, and asked him if he, the plaintiff, was the person referred to by him in the letter containing the foregoing extract? The question was objected to, and the court decided that the defendant was not bound to answer it. The correctness of that decision is the first question for our consideration.

1. Under the Rev. Statutes, as well as the Code of Prac., either party in a civil action is authorized to call upon the other party to testify on the trial; but in such case the party called on to testify is not deprived of the same privilege that belongs to other witnesses; he is not bound to answer any question which would subject him to a criminal or penal liability. The rule that a witness is not bound to answer any question which would tend to subject him to a punishment or presentment, applies even to parties in suits in equity, where the party is not bound in his answer to make a disclosure which would have that tendency. (Code of Prac. sec. 143; Story's eq. Plead. sections 524, 576, 592; Mitford's Eq. Pl. 157, 163.)

2. The defendant in a civil action for the pub-

Under the Revised Statutes, as well as under the Code of Practice, either party in a civil action is authorized to call upon the other to testify upon the trial. A party, however, by being made a witness by his adversary, is not deprived of any of the privileges that belong to other witnesses. He will not be compelled to answer a question, when the answer might criminate himself, or have a tendency to expose him to a penal liability. This rule applies even in a suit in equity, where a defendant will not be compelled to discover that which, if answered, would tend to subject him to a penalty or punishment, or which might lead to a criminal accusation. (Story's Equity Plead. sections 524, 576, 592; Mitford's Eq. Pl. 157–163.) And under the provisions of the Code of Practice, (sec. 143,) a defendant is not required to verify his answer by affidavit, where the admission of the truth of the allegations of the petition might subject him to a criminal or penal prosecution.

The publication of a libel is an indictable offense, and a witness has a right to refuse to answer any question by which he is called upon to disclose a fact which might have a tendency to subject him to a prosecution for such an offense. The defendant, therefore, was not bound to answer the question which the plaintiff propounded to him; and the decision of the court was right upon this ground, if upon no other. Although the witness had answered in part, and had disclosed facts tending to show that he was the author of the writing in question, still he had a right to decline answering any further, and claim

his privilege at any stage of the inquiry. (*Greenleaf on Evidence*, 1 *vol. sec.* 451.)

The court instructed the jury upon the trial, at the instance of the defendant, "that if they believed, ' from the evidence, that the letter read to them was ' written as a confidential communication, in good ' faith, without malice, and for the purpose of ob- ' taining proper information, or imparting the same, ' then the law is for the defendant, and the jury must ' so find." This instruction was excepted to by the plaintiff, and its correctness forms the next subject of inquiry.

The defendant in an action for a libel, may insist that the words were published, not in the malicious sense imputed by the plaintiff, but in an innocent sense, or on an occasion which warranted the publication. The question therefore is, was the publication authorized by the circumstances in this case; or in other words, did the object the defendant had in view in writing the letter make it a privileged communication?

The letter was written as a confidential communication, for the purpose of obtaining information in relation to a pending controversy, and so far as it contained a statement of such facts only as were necessary to be stated, to enable the person to whom it was addressed to understand the matters in controversy, and the facts which the writer believed to exist, and desired to establish by proof, it could not be regarded as libelous in its character. But if it were accompanied by comments of a slanderous nature, not necessary to the attainment of this object, referring to an individual concerning whom no information was expected or desired, and setting forth facts which were foreign to the avowed object with which it was written, then, although the letter might have been written as a confidential communication, in good faith, for the purpose of obtaining proper information, still this part of it would have been unnecessary, and unwarranted, and therefore libelous.

COLE
*vs.*
WILSON.

lication of a libel, when called as a witness for the plaintiff, is not bound to answer the question whether or not he had published the alleged libellous matter; and tho' he may have answered questions tending to show that he had published the libel, he has the right to refuse further to answer questions having the like tendency. (*Greenleaf's Ev.* 1 *vol. sec.* 451.)

3. It is competent for a def't. in a civil action, for the publication of a writing charged to be libelous, to insist that the publication was not in the malicious sense charged, but in an innocent sense, under circumstances which warranted their publication.

4. A confidential communication seeking information, which the party had a right to have, would not be libelous; but if it be accompanied by comments of a slanderous nature, not necessary to the attainment of the object desired, it would be libelous.

Consequently, the instruction of the court was misleading and erroneous in the form in which it was given. It should have discriminated between the general.purpose which the writer had in view and his purpose in making the remarks contained in the letter in reference to the plaintiff. The object and design of the letter may have been such as authorized the defendant to write it, and still its comments concerning the plaintiff may have been wholly unnecessary and authorized. As the instruction referred to the general character of the letter, the jury may have supposed that the remarks which it contained concerning the plaintiff, although not necessary to the attainment of the object the writer had in view, were nevertheless warranted by the general character of the communication. This, however, would be an erroneous supposition, and therefore the instruction was improper and misleading.

Wherefore, the judgment is reversed, and cause remanded for a new trial, and further proceedings consistent with this opinion.